RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Date:
2023.01.1
8 14:13:24
-04'00'

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | CRIMINAL NO. 16-591 (RAM) |
| v. | |
| [14] ALEXANDER DIAZ-DE JESUS,<br>Defendant. | |

### PLEA AGREEMENT
### (Pursuant to Fed. R. Crim. P. 11(c)(1)(A)-(B))

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Alexander Diaz-De Jesus, and Defendant's counsel, Robert W. Odasz, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to Count One of the Indictment:

<u>Count One</u>: Conspiracy to Possess with Intent to Distribute Controlled Substances

Beginning on a date unknown, but no later than in or about the year 2012, and continuing up to and until the return of the instant Indictment, in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court, defendant, Alexander Diaz-De Jesus and other persons, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known

and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of a real property comprising the Vista Hermosa Public Housing Project (hereinafter "Vista Hermosa"), a housing facility owned by a public housing authority, within one thousand (1,000) feet of a real property comprising a public or private elementary, vocational, or secondary school, and within one thousand (1,000) feet of a playground, all within the Municipality of San Juan, Puerto Rico. All in violation of Title 21, *United States Code,* Sections 841(a)(1), 846, and 860.

## 2. Maximum Penalties

Count One: The penalty for the offense charged in Count One of the Indictment is a term of imprisonment which shall not be less than ten (10) years and up to two (2)

terms of life, a fine not to exceed twenty million dollars ($20,000,000.00) and a term of supervised release of not less than ten (10) years in addition to any term of incarceration, pursuant to Title 21, *United States Code,* Sections 841(b)(1)(A), 846, and 860.

However, for purposes of this plea agreement, the defendant is being held responsible for at least 500 grams but less than 2 kg of cocaine within one thousand feet of a protected location, defendant faces a term of imprisonment of not less than 5 years and not more than 80 years, a fine not to exceed $ 10,000,000, and a term of supervise release of at least 8 years in addition to any term of incarceration, pursuant to 21 U.S.C. §§ 841(b)(1)(B). 846 and 860.

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court



Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE<br>21 U.S.C. § 841(a)(1), 846, and 860 | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1(c)(8)<br>(Possession of at least 500 grams but less than 2 kilograms of cocaine) | 24 |
| Protected Location pursuant to U.S.S.G. § 2D1.2(a)(1) | +2 |
| Leadership Role | +2 |
| Possession of a dangerous weapon (firearm) | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | 27 |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 70-87 | 78-97 | 87-108 | 100-125 | 120-150 | 130-162 |

## 8. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of imprisonment of 84 months regardless of the defendant's criminal history category. Moreover, both parties will recommend a consecutive sentence of 12 months of imprisonment for the revocation in case 05-196 (PG)

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 96 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.



### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Robert W. Odazs, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:



a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 15. Limitations of Plea Agreement



This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement



This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver



Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

## 21. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. Stephen Muldrow
United States Attorney

_____
Teresa Zapata-Valladares
Assistant U.S. Attorney
Deputy Chief Gang Section
Dated: 1-11-2023

_____
Pedro R. Casablanca
Assistant U.S. Attorney
Dated: 10 January 2023

_____
Robert W. Odazs, Esq.
Counsel for Defendant
Dated: 1/18/2023

_____
Alexander Diaz-De Jesus
Defendant
Dated: 1/18/2023

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 1 18 2023

Alexander Diaz-De Jesus
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 1 18 2023

Robert W. Odazs, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant [14] Alexander Diaz-De Jesus admits that Defendant is guilty as charged in the Indictment and admits the following:

Beginning on a date unknown, but no later than in or about the year 2012, and continuing up to and until the return of the instant Indictment, in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court, Alexander Diaz-De Jesus and his ~~co-defendants~~ Others (pri) did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000)

feet of a real property comprising the Vista Hermosa Public Housing Project (hereinafter "Vista Hermosa"), a housing facility owned by a public housing authority, within one thousand (1,000) feet of a real property comprising a public or private elementary, vocational, or secondary school, and within one thousand (1,000) feet of a playground, all within the Municipality of San Juan, Puerto Rico. All in violation of Title 21, *United States Code*, Sections 841(a)(1), 846, and 860. The object of the conspiracy was the large-scale of distribution of controlled substances by members of the drug trafficking organization as the above-named locations for financial gain and profit.

Defendant [14] Alexander Diaz-De Jesus acted as a supervisor for several drug points for the drug trafficking organization during the span of the conspiracy. As a supervisor for the organization, Defendant would oversee the drug trafficking activities at the drug distribution points. While multiple kilograms of heroin, cocaine, cocaine base "crack" and marijuana were distributed during the conspiracy, for the sole purpose of this plea agreement, the defendant acknowledges that during the span of the conspiracy he conspired to possess with intent to distribute at least 500 grams of cocaine but not more than 2 kilograms grams of cocaine. Defendant acknowledges that during the span of the conspiracy he had knowledge that other members of the organization possessed firearms of unknown make and model in furtherance of a drug trafficking crime.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant Alexander Diaz-De Jesus is guilty as charged in Count One of the Indictment. Discovery was timely made available to Defendant for review.

Pedro R. Casablanca
Assistant U.S. Attorney
Dated: 10 January 2023

Robert W. Odazs, Esq.
Counsel for Defendant
Dated: 1|18|2023

Alexander Diaz-De Jesus
Defendant
Dated: 1|18|2023